UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ANDRES ARANGO,

                Petitioner,

v.

COLONEL VALDEZ,

                Respondent.

No. 6:26-CV-00001-H

## ORDER

In January 2026, Mariana Arbelaez filed a 28 U.S.C. § 2241 petition for writ of habeas corpus as next friend on behalf of her partner, Andres Arango, challenging his immigration detention in the Eden Detention Center (EDC). Dkt. No. 1. On February 10, the Court determined that Arbelaez was not authorized to file the petition on behalf of Arango and removed Arbelaez as a named party to this action. Dkt. No. 5. Additionally, the Court instructed Arango that, if he intends to pursue habeas relief on his own behalf or with the assistance of a licensed attorney, he must file an amended petition on the proper form within 30 days, or risk dismissal of this action without prejudice for want of prosecution, without further notice. *Id.* The Clerk mailed a copy of the Court's February 10 order, the original petition, and a blank copy of the proper petition form to Arango at EDC. *Id.* The Clerk also mailed a copy of the Court's February 10 order to Arbelaez, who also received a copy of the Court's January 5 notice and instructions to pro se parties, which, among other things, warns parties that their case may be dismissed if they do not promptly file a written notice of any address changes. Dkt. No. 3.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

Although the deadline for Arango to comply with the Court's February 10 order has not expired, the order and documents that the Clerk mailed to Arango were recently returned as undeliverable. Dkt. No. 6. The return envelope indicates that Arango is no longer detained at EDC and is marked "return to sender" and "unable to forward." *Id.* To date, neither Arbelaez nor Arango has updated Arango's mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14. Because Arango's address is unknown, this case cannot proceed.

Under these circumstances, the Court finds that this habeas action must be dismissed without prejudice for failure to prosecute. In the event Arango has been transferred to another facility and intends to challenge his immigration detention there, he is free to file a Section 2241 habeas petition in the appropriate district if he desires. The Court expresses no opinion on the merits of any claims he may choose to raise.

So ordered.

Judgment will be entered accordingly.

Dated March 5, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2